### 315

Bennie Cabrat  
vs.  
Robert E. Smith Co.
} Pet. No. 205

DECISION  
April 2, 1919

DORAN, J. I find that petitioner was frozen while at work;

That it was in his power to have gone to a place of warmth and shelter so often as might have been necessary to avoid danger of freezing and that there was no reason why he should not have done so if he had realized he was in danger of freezing;

That his hurt arose out of and in the course of his employment;

That the freezing resulted in the amputation of parts of six toes but only one was severed as far down as the second joint;

That his average pay was $16 a week.

There is not definite evidence as to the period of total incapacity so that if the parties do not agree on this, said period must be determined later.

As to the claim that he was frozen out of work hours, there may be ample ground for suspicion and that may be the belief of respondent's agents, but evidently respondent is not able to get the evidence. His knowledge is direct and it cannot be said his story is so inherently improbable that it must be rejected. If he lay out drunk, other members would be likely to be frozen. The same is more or less true if he was frozen in bed. There is no testimony of inflammation in head, throat or lungs which would be likely to result from

long continued exposure in a passive state.

For petitioner: Geo. W. Bennett, Jr.

For respondent: Howard Sheffield.

---

### 316

Alphonse F. Girard  
vs.  
International Braid Company
} Petition No. 218

RESCRIPT  
April 4, 1919

TANNER, P. J. Upon consideration of the testimony in this case, including that of the expert appointed by the Court, we are of the opinion that the petitioner has sustained a total disability which entitles him to one-half his average weekly wage for the statutory period.

For petitioner: Archambault & Archambault.

For respondent: Chas. R. Ballou.